812 P.2d 751

**Alberto Morales RAMIREZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 18531.**

Court of Appeals of Idaho.

June 6, 1991.

Ismael Chavez, Caldwell, for petitioner-appellant.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Alberto Ramirez appeals from a district court order denying his petition for post-conviction relief. Ramirez was found guilty by a jury of two counts of delivery of a controlled substance. I.C. § 37–2732. Ramirez contends that the trial court erred

by failing to make specific findings of fact and conclusions of law on the two issues raised in his petition. Those issues, which are also raised in this appeal, are whether the state erred by failing to disclose exculpatory evidence to Ramirez, and whether his attorney failed to properly represent him. For reasons explained below, we uphold the district court's order denying Ramirez' petition for post-conviction relief.

Ramirez was arrested by the Nampa Police Department for selling cocaine. At trial, Ramirez insisted he was not the man who had delivered the cocaine to the two confidential informants. However, both confidential informants testified otherwise. The jury found Ramirez guilty of delivering a controlled substance. He did not appeal. However, he later filed a petition for post-conviction relief. Ramirez contends that, after the trial, he discovered that the prosecuting attorney had withheld exculpatory evidence from him.

The petition was filed when Ramirez discovered that misdemeanor charges had been dismissed against both confidential informants during the same time period that they were working for the Nampa Police Department on his case. One informant had been charged in a shoplifting incident that occurred at a Shopko store in Nampa. Both informants were charged with petit theft as a result of an incident which took place at the Starlight Motel in Nampa. The informants were accused of stealing a set of car keys and $20 in cash from a man they had met at the motel. Ramirez construed these facts as exculpatory evidence which was withheld by the prosecutor and therefore not available to his defense.

Ramirez claims that the prosecutor was under an affirmative duty to disclose that the confidential informants had been charged with misdemeanor offenses during the period they were employed by the police. Because the credibility of the witnesses was the only issue at trial, Ramirez argues that the misdemeanor record of each confidential informant was needed to impeach the state's witnesses. In addition, Ramirez alleges that the misdemeanor charges of both of the confidential informants were dismissed by the state in exchange for their cooperation and testimony at his trial.

After hearing testimony on these allegations, the district judge entered formal findings of fact and conclusions of law. The district judge stated in his findings on the post-conviction petition that these two confidential informants had been charged with misdemeanor offenses, but that the charges later were dismissed by the state. The district judge noted that the dismissal of the charges by the state was not the result of any action by the police officers involved in the arrest of Ramirez, and that the dismissals were unrelated to the prosecution of Ramirez. The district judge also found that there was adequate and substantial evidence to convict Ramirez on the charges brought against him and, that in his opinion, the verdict would not have been different had the jury been informed that these misdemeanor charges had been filed against the two witnesses and dismissed.

Ramirez asserts first that the district court's order should be reversed because detailed findings of fact and conclusions of law were absent on the two issues raised in his petition for post-conviction relief. Because a post-conviction proceeding is civil in nature, I.R.C.P. 52(a) applies and requires that written findings of fact and conclusions of law be made on all of the material issues raised. However, a reversal is unnecessary if the record gives the appellate court a complete understanding of the material issues raised on appeal. *In re Clayton*, 118 Idaho 59, 794 P.2d 648 (Ct.App.1990).

In the present case, the district judge made detailed findings of fact and conclusions of law on whether the state had failed to disclose exculpatory evidence to Ramirez. Therefore, as to this issue, the requirements of Rule 52(a) were met. On the ineffective assistance of counsel issue, the district judge entered only a conclusion that the representation was adequate. We find it unnecessary to reverse and remand to the district court because the record is

adequate for our review of this issue. Consequently, we turn our attention to the two substantive issues raised in Ramirez' petition.

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that a prosecutor's duty to disclose exculpatory evidence only arises when evidence is both favorable to the accused and material either to guilt or punishment. In a subsequent decision, the Court held that whether evidence is "material" depends on whether defense counsel specifically requested the information withheld by the government, made a general request for exculpatory information, or made no request at all. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). This distinction between a general request, a specific request, and no request was later modified into a unified standard. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Presently, "evidence is material ... if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* at 682, 105 S.Ct. at 3383.

Here, no specific request for the record of misdemeanor convictions of the witnesses was made by defense counsel in his discovery request. Instead, defense counsel requested only a list of the names and addresses of the state's witnesses, and any felony conviction a witness might have on his or her record. This pretrial discovery request was in compliance with I.C.R. 16(b)(6).

■ The district judge held that the prosecutor was not required to disclose this allegedly exculpatory information, because the defense would not be able to use the dismissed misdemeanor charges as grounds for impeachment of either confidential informant under I.R.E. 609. Rule 609 only allows *felony* convictions to be used for impeachment purposes. *State v. Pierce*, 107 Idaho 96, 685 P.2d 837 (Ct.App.1984). Despite this conclusion, the district judge also found that this type of exculpatory evidence would be admissible at trial if it were established that the state had an agreement with the confidential informants to dismiss their misdemeanor charges in exchange for their cooperation and testimony at the Ramirez trial. However, Ramirez failed to establish that such an agreement ever existed. In addition, the district judge found that the verdict would not have been different if the jury had been informed that misdemeanor charges had been filed against the confidential witnesses and dismissed. Finally, the district judge concluded by stating that Ramirez had been represented adequately by his attorney. We agree with the conclusions of the district judge.

There is substantial and competent evidence to support the two convictions against Ramirez. The two confidential informants were active participants in an undercover drug operation. Each testified that Ramirez was in fact the man who sold and delivered the cocaine to them. One confidential informant was wired during the two drug purchases, and both transactions were closely monitored by police authorities, who were watching and listening nearby. We hold that the district judge was correct in concluding that the misdemeanor charges were not admissible at trial to impeach the state's witnesses. Likewise, the prosecutor had no duty to disclose this information under *Bagley*, because even if the defense had been informed of this evidence during discovery, no "reasonable probability" existed that the outcome of the case would have been different.

■ Similarly, *Bagley* does not require disclosure simply because Ramirez alleges that the testimony of the confidential informants was procured by an agreement between the state and the informants to dismiss their misdemeanor charges. Ramirez, as the petitioner, had the burden of establishing that his allegations were true and that he was entitled to relief. *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). Such an agreement, if true, would be admissible to impeach the credibility of the state's witnesses and would be "material"

under the *Bagley* test. However, there is no evidence to support this allegation in the record. Accordingly, we hold that this contention lacks merit.

We now turn to the related claim of ineffective assistance of counsel. Ramirez contends that his counsel failed to file appropriate discovery and pre-trial motions. Specifically, Ramirez insists that a thorough background investigation of the state's witnesses would have revealed the misdemeanor convictions dismissed by the state on the two confidential informants. In addition, Ramirez believes that an investigation of the state's witnesses would have disclosed a promise by the state to drop the misdemeanor charges against the confidential informants in exchange for cooperation and assistance in his prosecution. Ramirez asserts that this type of exculpatory evidence would have allowed defense counsel to impeach the credibility of the state's witnesses or to suppress their testimony altogether.

 To prevail on this issue, Ramirez is required to show that his attorney's performance was deficient, and then to demonstrate, by a preponderance of the evidence, that he was prejudiced by his attorney's deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Davis v. State*, 116 Idaho 401, 775 P.2d 1243 (Ct.App.1989). A deficiency can be established by showing that his attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760 P.2d 1174 (1988). Prejudice can be established by showing that, but for his attorney's deficient performance, the outcome of his trial would have been different. *Id.*

In the present case, we cannot say that Ramirez' attorney's performance was deficient. Defense counsel's discovery request was made in accordance with I.C.R. 16(b)(6). As noted, Rule 16(b)(6) requires only that the prosecutor disclose upon written request the *felony* convictions of the state's witnesses. Presumably, this is because misdemeanor convictions are not admissible for impeachment purposes. *State v. Pierce, supra.* We also find no deficien-

cy in defense counsel's failure to request information disclosing an alleged agreement between the state and the confidential informants to dismiss the misdemeanor charges. As mentioned in our previous discussion on exculpatory evidence, Ramirez did not meet his burden in the post-conviction review proceeding of showing that such an agreement ever existed. Accordingly, we hold that Ramirez has failed to show that defense counsel inadequately represented him at trial.

The district court's order denying Ramirez post-conviction relief is affirmed.

WALTERS, C.J., and SILAK, J., concur.