868 P.2d 516

**Dale Patrick HOFFMAN,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20342.

Court of Appeals of Idaho.

Feb. 3, 1994.

Dale P. Hoffman, Boise; pro se appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

Dale Patrick Hoffman appeals from the district court's denial of his application for post-conviction relief. The district court summarily dismissed all but two claims in Hoffman's application. Following an evidentiary hearing, the district court denied relief on the two remaining issues. We affirm.

## PROCEDURAL HISTORY

Hoffman was charged on December 6, 1985, with three counts of robbery, I.C. § 18–6501, and three counts of use of a firearm during the commission of a crime, I.C.

§ 19–2520. A jury trial was held in June and July of 1986. At the conclusion of the trial, the jury found Hoffman guilty of two counts of robbery and two counts of use of a firearm during the commission of a crime. Hoffman filed a motion for new trial on July 16, 1986, alleging, primarily, ineffective assistance of counsel. Following an evidentiary hearing, the district court denied the motion for new trial.

Hoffman was sentenced to two concurrent indeterminate terms of twelve years for robbery enhanced by five years for the use of a firearm, for an aggregate term of seventeen years. Hoffman filed a direct appeal and a motion for reduction of sentence pursuant to I.C.R. 35. The district court denied the rule 35 motion. This Court affirmed the district court's denial of Hoffman's motion for a new trial and also affirmed the district court's judgment and sentences. *See State v. Hoffman,* 116 Idaho 689, 778 P.2d 811 (Ct.App. 1989).

Subsequently, Hoffman filed an application for post-conviction relief. The district court summarily dismissed all but two claims. Following an evidentiary hearing, the district court denied Hoffman's request for relief on the remaining two claims. Hoffman now appeals, alleging the following errors: (1) the district court erred in summarily dismissing the application based on the inadvertent testimony of Hoffman's brother as to Hoffman's status as a "convicted felon;" (2) the district court erred in summarily dismissing Hoffman's application based on the prosecution's failure to disclose two witnesses prior to their testifying at trial; (3) the district court erred in summarily dismissing Hoffman's application based on the claims of ineffective assistance of counsel; (4) whether, following the hearing, the district court properly denied Hoffman's application based on a recantation by Shawn Patoray; and (5) whether, following the hearing, the district court properly denied Hoffman's application based on the "newly discovered" alibi witness Larry Black.

## SUMMARILY DISMISSED CLAIMS

■ Idaho Code § 19–4906(b) provides that the district court may dismiss an appli-

cation for post-conviction relief unless the application contains allegations which, if proved, would entitle the applicant to the remedy sought. *Griffith v. State,* 121 Idaho 371, 825 P.2d 94 (Ct.App.1992). Allegations in an application for post-conviction relief must be deemed to be true until those allegations are controverted by the state. *King v. State,* 114 Idaho 442, 757 P.2d 705 (Ct.App. 1988). On review of a dismissal of the post-conviction application, without an evidentiary hearing, we will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions on file, together with any affidavits on file. Moreover, the court will liberally construe the facts in favor of the party opposing the motion, together with all reasonable inferences to be drawn from the evidence in favor of the non-moving party. *Loomis v. City of Hailey,* 119 Idaho 434, 436, 807 P.2d 1272, 1274 (1991); *Bonz v. Sudweeks,* 119 Idaho 539, 808 P.2d 876 (1991); *Mitchell v. Siqueiros,* 99 Idaho 396, 582 P.2d 1074 (1978).

■ Preliminarily, this Court has recognized that the Uniform Post–Conviction Procedure Act, I.C. §§ 19–4901—19–4911, provides an appropriate mechanism for considering claims of ineffective assistance of counsel. *Nellsch v. State,* 122 Idaho 426, 835 P.2d 661 (Ct.App.1992). The Act is available "to cure fundamental errors occurring at the trial which affect either the jurisdiction of the court or the validity of the judgment, even though these errors could have been raised on appeal." *Maxfield v. State,* 108 Idaho 493, 499, 700 P.2d 115, 121 (Ct.App.1985), *quoting Smith v. State,* 94 Idaho 469, 474–75, 491 P.2d 733, 738–39 (1971). The Act, however, cannot be otherwise used as a substitute for an appeal, and any issue which could have been, but was not, raised on direct appeal is forfeited and cannot be considered in a post-conviction proceeding. I.C. § 19–4901(b); *Murray v. State,* 121 Idaho 918, 828 P.2d 1323 (Ct.App.1992). Here, the district court concluded that both the challenge to the inadvertent prior conviction testimony and the allegation of failure to disclose witnesses prior to trial could have been raised on a direct appeal. We agree. Because these matters should have been raised on

Hoffman's direct appeal, we refuse to consider them in an application for post-conviction relief. Therefore, the district court did not err in summarily dismissing Hoffman's application based on the inadvertent testimony of his brother and the prosecution's alleged failure to disclose witnesses prior to trial.

■ Similarly, the district court concluded that Hoffman's claim of ineffective assistance of counsel was also barred because it was considered on a direct appeal. The district court noted in its order of partial dismissal that:

> ... petitioner is quite correct in noting that this issue is usually addressed in post conviction review proceedings, and is usually not part of the record for review on direct appeal. He is correct that when an attempt is made to raise the issue on direct appeal where a record has not been made before the trial court, the appellate courts usually decline to consider the issue, deferring the issue until a record is presented through post conviction proceedings.
>
> However, in this case, the proceedings were an exception to the rule. In this case, the defendant filed a motion for new trial after the jury verdict, advancing as grounds for that motion the ineffective assistance of his trial counsel. This motion was heard, testimony was introduced, and a ruling was made. Therefore, there was a record for review on [t]he allegations of inadequate assistance of counsel. Petitioner perfected his direct appeal and it was argued to and decided by the court of appeals.

We agree and, as cited by the district court, note that the Idaho Supreme Court has held in *Parrott v. State,* 117 Idaho 272, 787 P.2d 258 (1990), that "Although a defendant alleging ineffective assistance of counsel at trial may raise the issue on direct appeal or reserve it for post conviction proceedings, he may not do both. If the issue is raised and considered on appeal, it becomes *res judicata.*" *Id* at 274, 787 P.2d at 260. In *Parrott,* like the case before us, Hoffman filed a post-verdict motion for a new trial alleging ineffective assistance of counsel. Although the Supreme Court in *Parrott* determined that the ineffective assistance claim

should be heard as part of the post-conviction application, it was only because the appeal had been withdrawn. In Hoffman's case, however, the claim of ineffective assistance of counsel was raised, and decided, on a direct appeal. Therefore, the issue having been raised in the motion for a new trial, and reviewed on appeal, is *res judicata* and will not be reconsidered here.

In addition, though Hoffman now claims that these issues were not raised in the prior proceeding, he has failed to provide us with the record and transcript of his motion for new trial and his direct appeal. The transcript of a portion of the hearing on Hoffman's motion for new trial was attached to the state's brief submitted to the trial court. It included the testimony of Hoffman's trial counsel on the issue of ineffective assistance. However, since it was not marked as an exhibit and introduced into evidence, it is not automatically included in this record for appeal.

Review of that transcript would be necessary for us to assess Hoffman's contention that the present claims of ineffective assistance were not asserted in his motion for a new trial. However, Hoffman has not provided that transcript as a part of the record on appeal. Therefore, Hoffman has not shown us that the district court's conclusion was in error. We will not presume error. With an incomplete record before us, the missing transcript and record must be presumed to support the action of the trial court. *Kugler v. Drown,* 119 Idaho 687, 809 P.2d 1166 (Ct.App.1991).

Thus, the district court's conclusion in this matter that Hoffman's claims were addressed in the prior proceedings must be upheld.

Hoffman relies heavily on *Carter v. State,* 108 Idaho 788, 702 P.2d 826 (1985), for the proposition that raising a claim of ineffective assistance on direct appeal does not preclude raising the same claim in an application for post-conviction relief. In *Carter,* the Supreme Court found that when a challenge to the adequacy of counsel is *prematurely* raised in a direct appeal, such a challenge may still be brought through post-conviction proceedings. The difference between *Carter*

and the current case is that Hoffman was afforded a full evidentiary hearing on the question of adequacy of counsel in the motion for a new trial. Matters outside the trial record would have been proper for consideration at that time. Following the hearing, the findings of fact and legal conclusions of the district court would be reviewed on appeal in the same manner as a decision following an evidentiary hearing on an application for post-conviction relief. In *Carter*, the applicant for post-conviction relief was not given the opportunity of a full hearing on his ineffective assistance claim and brought his appeal based solely on the evidence in the trial record.

We further note that our holding today is limited to those cases in which an applicant for post-conviction relief has been afforded a full evidentiary hearing on a claim of ineffective assistance, which is later reviewed on a direct appeal. Given those circumstances, resurrecting the ineffective assistance claim is barred by application of *res judicata*.

## CLAIMS DISMISSED FOLLOWING HEARING

Hoffman was granted an evidentiary hearing on the questions of whether Patoray recanted his trial testimony and the "newly discovered" evidence of Black's testimony. Following the hearing, the district court dismissed Hoffman's application, finding that Patoray had not recanted and that Larry Black was available for testimony during the trial.

When reviewing the denial of an application for post-conviction relief, the district court's findings of fact will not be disturbed unless they are clearly erroneous. *Reeves v. State*, 105 Idaho 844, 673 P.2d 444 (Ct.App. 1983). Similarly, the ultimate decision made on the application will not be disturbed on appeal where there is competent and substantial evidence to support it. *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App. 1983).

The district court made the following findings of fact:

1. Shawn Patoray testified at [the evidentiary] hearing that his trial testimony was true.

2. Patoray's affidavit submitted by petitioner in this case, which purported to recant Patoray's trial testimony, was given to the petitioner when Patoray was an inmate at ISCI. It was motivated by fear for his personal safety while in the prison, because of the ramifications under the "inmate code" of having testified against the petitioner.

3. The purported alibi witness Larry Black lived in Rathdrum, Idaho, before, during and after petitioner's trial in this matter. This was known to petitioner and his counsel.

4. No attempt was made to contact this witness prior to the trial.

5. Larry Black was an inmate of the penitentiary at the time of his testimony.

Having carefully reviewed the record in this case, we cannot say that the district court's findings of fact are clearly erroneous. Patoray's testimony at the hearing was equivocal at best. It appeared he was not the author of the affidavit offered by Hoffman and actually disagreed with many of the statements contained therein. Black testified he lived in the same house in Rathdrum, Idaho, at which Hoffman had visited through the time of the trial. Black also testified that Hoffman had two vehicle title certificates sent there, establishing that Hoffman knew the address. It does not appear that Patoray's "recantation" was genuine, nor does it appear that Black was unavailable at the time of trial.

Following the findings of fact, the district court concluded that Hoffman had failed to meet his burden as to both claims. The evidence presented, which led to this conclusion, is both substantial and competent. We, therefore, cannot say the district court erred in arriving at this determination.

## CONCLUSION

Hoffman's claim that he should be granted a new trial because of the inadvertent testimony of his brother regarding prior convictions and the failure of the prosecution to

disclose witnesses were matters that should have been raised on the direct appeal. Hoffman's claim of ineffective assistance is barred by the doctrine of *res judicata.*. Following the hearing, the district court found that Hoffman had not met his burden of proof as to the two remaining claims. This conclusion was supported by substantial and competent evidence and, therefore, will not be disturbed on appeal. We affirm the orders of the district court.

WALTERS, C.J., and LANSING, J., concur.