13 P.3d 1253

Keith Manning SHORT, Petitioner-Appellant,

v.

STATE of Idaho, Respondent.

No. 25787.

Court of Appeals of Idaho.

Oct. 4, 2000.

Review Denied Dec. 7, 2000.

Ronaldo A. Coulter, State Appellate Public Defender; Richard J. Hansen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Keith Manning Short appeals from the denial of his Uniform Post–Conviction Procedure Act (UPCPA) application alleging ineffective assistance of counsel. We affirm.

## I.

### FACTS AND PROCEDURE

Short was charged with two counts of grand theft, I.C. §§ 18–2403(1), 18–2407(1). Pursuant to a plea agreement, Short pled guilty to one count of grand theft and the state agreed to dismiss the other. The plea at this time was an I.C.R. 11(d)(1)(B) agreement and thus was not binding on the district court. Prior to the sentencing hearing, however, Short entered into a written plea agreement with the state pursuant to I.C.R. 11(d)(1)(C). This binding plea agreement provided that Short was to receive a withheld judgment and five years of probation. It was accepted by the district court on the day of sentencing. Short was thereupon granted a withheld judgment and placed onto probation for five years on March 14, 1996.

Shortly thereafter, Short violated the terms of his probation and a warrant for his arrest was issued. Short was found almost a year later and arrested. After a hearing on August 21, 1997, the district court ordered that the withheld judgment and probation be revoked, entered a judgment of conviction and sentenced Short to a unified term of imprisonment of seven years with one year fixed. Short filed an I.C.R. 35 motion for reduction of his sentence, which was denied by the district court. On appeal, this Court affirmed Short's sentence in an unpublished opinion. (*State v. Short,* Docket # 24553 [133 Idaho 80, 982 P.2d 383].)

Subsequently, Short filed a UPCPA application and a supporting affidavit, asserting that the prison sentence imposed by the district court on revocation of probation violated the binding plea agreement. In his application, Short claimed that the district court erred when it did not give him an opportunity to withdraw his guilty plea.[1] Short's application also asserted that he was denied effective assistance of counsel because his counsel failed to raise the issue once the district court imposed a sentence which differed from the binding plea agreement, even after Short asked the attorney to do so. A hearing was held and the district court denied Short's petition, concluding that the sentence was legal because the "written plea agreement only provided that ... [Short] would be granted a withheld judgment and placed on probation. It did not purport to set forth what sentence ... [Short] would receive if he violated the conditions of his probation and his probation was revoked." Short appeals.

## II.

### THE DISTRICT COURT WAS NOT BOUND BY THE PLEA AGREEMENT AFTER SHORT VIOLATED THE TERMS OF HIS PROBATION

Idaho Criminal Rule 11(d)(2) requires that the terms of a plea agreement be disclosed on the record. If a plea agreement, like the instant one, is entered into pursuant to I.C.R. 11(d)(1)(A), (C), or (D), the district court is required to advise the defendant whether it accepts or rejects the

---

1. Short never filed a formal motion to withdraw his plea of guilty.

plea agreement. I.C.R. 11(d)(3)-(4); *State v. Wilson*, 127 Idaho 506, 512, 903 P.2d 95, 101 (Ct.App.1995). If the district court rejects the plea agreement, the defendant must be permitted an opportunity to withdraw his or her guilty plea. *Id.* Short attempts to classify his case as akin to *Wilson*. We reject this comparison.

In *Wilson,* the defendant entered into a binding plea agreement that set the maximum imposable sentence at three years with one year fixed. *Wilson,* 127 Idaho at 512–13, 903 P.2d at 101–02. The record showed that the court accepted Wilson's plea of guilty at the initial sentencing, but Wilson was given a withheld judgment and placed on probation instead of being incarcerated. Wilson thereafter violated the terms of his probation and the district court revoked his probation, entered a judgment of conviction and imposed a unified five-year sentence, with two years fixed. This Court determined that once the district court revoked Wilson's probation, it "was obligated to impose a sentence no greater than the maximum specified in the plea agreement." *Id.* at 513, 903 P.2d at 102. *Wilson* is plainly distinguishable from the instant case.

While Short entered into a binding plea agreement, accepted by the district court, that stated Short's disposition was to be a withheld judgment with five years on probation, it did not limit the potential term of incarceration as in *Wilson.* Short's agreement merely provided him with an opportunity to capitalize on his withheld judgment if he could successfully complete his probation. Short was given that opportunity, thus receiving the benefit of his plea bargain, but quickly failed. Once Short violated the terms of his probation, the district court was not bound by the plea agreement and was free to sentence Short to a period of incarceration within the statutory maximum for grand theft—fourteen years. I.C. § 18–2408(2)(a).

Short claims on appeal that his plea agreement is binding on the court, despite his violation of probation, i.e., that the district court was required to adhere to the plea agreement's terms and either place him back on probation *ad infinitum* or afford him an opportunity to withdraw his guilty plea and go to trial. We conclude that such a result is palpably absurd. The district court complied with Short's plea agreement by withholding judgment. By not specifying a limit on Short's potential period of incarceration should he violate the terms of his probation and his probation be revoked, the agreement left open the possibility that Short could be sentenced up to fourteen years in prison.

Accordingly, we conclude that the district court was not bound by the terms of the plea agreement to reinstate probation after Short violated the terms of his probation.

## III.

## SHORT WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL

 When reviewing the denial of an application for post-conviction relief, an appellate court will not disturb the district court's findings of fact unless they are clearly erroneous. *Hoffman v. State,* 125 Idaho 188, 192, 868 P.2d 516, 520 (Ct.App.1994). If substantial and competent evidence exists in the record to support the findings of fact, they will not be disturbed. *Id.* Questions of law, of course, are freely reviewed. *State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990); *State v. Remsburg,* 126 Idaho 338, 339, 882 P.2d 993, 994 (Ct.App.1994).

 Short's claim of ineffective assistance of counsel requires him to demonstrate that his attorney's performance was deficient. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674, 693–94 (1984); *Ramirez v. State,* 119 Idaho 1037, 1041, 812 P.2d 751, 755 (Ct.App.1991). Short is also required to show, by a preponderance of the evidence, that he was prejudiced by his attorney's deficiency. *Strickland,* 466 U.S. at 691–92, 104 S.Ct. at 2066–67, 80 L.Ed.2d at 695–96; *Ramirez,* 119 Idaho at 1041, 812 P.2d at 755. Prejudice can be shown by establishing that, but for the deficient performance of counsel, the outcome of the subject court proceeding would have been different. *Ramirez,* 119 Idaho at 1041, 812 P.2d at 755. However, defense counsel is not required to raise every conceivable issue. *Aragon v. State,* 114 Idaho 758, 765, 760 P.2d 1174, 1181 (1988). Ida-

ho appellate courts will not second guess strategic and tactical decisions of trial counsel whether to pursue a particular issue or theory, unless there is "evidence that the decision was the result of inadequate preparation, ignorance of the law, or other shortcomings capable of objective evaluation." *Huck v. State,* 124 Idaho 155, 160, 857 P.2d 634, 639 (Ct.App.1993).

■ Short's only claim of ineffective assistance of counsel on appeal to this Court is that counsel failed to argue to the district court at his probation revocation hearing that the terms of his plea agreement would be violated by any sentence that exceeded continual probation, unless Short was afforded an opportunity to withdraw his guilty plea. It is uncontested that Short instructed his attorney to raise the issues surrounding his prior plea agreement, but was ignored. However, in cases like this, where the asserted deficiency on the part of counsel consists of a failure to pursue a particular issue, which even if pursued would not have afforded a basis for relief, we will reject any ineffective assistance of counsel claim. *Huck,* 124 Idaho at 158–59, 857 P.2d at 637–38. Therefore, we conclude that because Short's Rule 11 plea agreement was not violated by the district court's imposition of sentence after Short's probation was revoked, Short's counsel was not deficient, nor was Short prejudiced by his counsel's failure to raise such issue.

## IV.

### CONCLUSION

Based upon the above reasoning, we affirm the denial of Short's application for postconviction relief.

Chief Judge PERRY and Judge LANSING concur.

