180 P.3d 506

**Douglas E. STUART, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 32445.

Court of Appeals of Idaho.

Dec. 5, 2007.

Review Denied March 26, 2008.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Molly J. Huskey argued.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent. Daniel W. Bower argued.

PERRY, Chief Judge.

Douglas E. Stuart appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

Stuart pled guilty to felony eluding a peace officer. I.C. § 49–1404(2)(a). The district court sentenced Stuart to a unified term of five years, with a minimum period of confinement of two years. Stuart filed a pro se application for post-conviction relief. Stuart's application alleged he was entitled to relief because, among other reasons, he was provided with ineffective assistance of counsel when his counsel failed to consult with him regarding the presentence investigation. According to Stuart's application, "issues for downward departure" were not considered by the district court, presumably due to his counsel's failure to consult with him regarding the presentence investigation. As relief, Stuart requested a new sentencing hearing where he could challenge the presentence investigation report (PSI). In an affidavit attached to his application, Stuart averred that his counsel did not help him fill out the PSI questionnaire or subsequently consult with him regarding errors in the PSI. The state filed a motion for summary dismissal. The state asserted that Stuart's claim regarding the PSI failed because Stuart had not indicated how counsel could have assisted him in filling out the PSI questionnaire, what errors existed in the PSI, or how counsel's assistance would have altered his sentence. The district court appointed Stuart post-conviction counsel. Stuart did not respond to the state's motion for summary dismissal, and the district court summarily dismissed Stuart's application. The district court's order indicated that Stuart's claim of ineffective assistance regarding the PSI failed to state a genuine issue of material fact for essentially the same reasons asserted in the state's motion for summary dismissal.

Stuart appealed. His appellate brief asserted that the district court failed to provide him with adequate notice prior to summarily dismissing his claim. The state moved to have the case remanded to the district court to provide Stuart with notice on a claim not addressed in the state's motion for summary dismissal. Stuart stipulated to the motion and the case was remanded. The district court filed a notice of intent to dismiss Stuart's application, which contained identical reasons for dismissal as the district court's original order dismissing his application. Twenty-one days later, the district court summarily dismissed Stuart's application. Stuart again appeals, having filed a revised appellate brief.

## II.

### STANDARD OF REVIEW

■ An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

■ Idaho Code Section 19–4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*,

114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App.1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

■ On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

## III.

### ANALYSIS

In Stuart's revised appellate brief, he addresses only the dismissal of his ineffective assistance claim regarding the presentence investigation. Stuart asserts that the district court erred in not determining that preparation of a PSI is a critical stage of the proceedings during which Stuart was entitled to effective assistance of counsel. Stuart next asserts that the district court erred in ruling that Stuart had not shown counsel's performance was deficient and that he was prejudiced by counsel's shortcomings. Stuart asserts we should remand to the district court for factual findings as to which portions of the PSI influenced the district court in sentencing and for a determination of whether Stuart was prejudiced by counsel's failure to assist him in completing the PSI questionnaire.[1]

---

1. Because Stuart only argues that counsel provided ineffective assistance by failing to advise him prior to and during his presentence interview, he has waived the other claims set forth in his application. *See Powell v. Sellers*, 130 Idaho

122, 128, 937 P.2d 434, 440 (Ct.App.1997). Additionally, although Stuart asserted at oral argument that the presentence investigation violated his rights under the Fifth Amendment of the United States Constitution, he did not provide

■ We must first address whether Stuart's presentence investigation was a critical stage of the proceedings against Stuart during which he had a right to counsel. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel during all critical stages of the adversarial proceedings against him or her. *Estrada v. State,* 143 Idaho 558, 562, 149 P.3d 833, 837 (2006). *See also United States v. Wade,* 388 U.S. 218, 224, 87 S.Ct. 1926, 1930, 18 L.Ed.2d 1149, 1155 (1967). A defendant's right to effective assistance of counsel extends to all critical stages of the prosecution where his substantial rights may be affected, and sentencing is one such stage. *Estrada,* 143 Idaho at 562, 149 P.3d at 837; *Retamoza v. State,* 125 Idaho 792, 796, 874 P.2d 603, 607 (Ct.App.1994). In determining whether a particular stage is critical, it is necessary to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice. *Estrada,* 143 Idaho at 562, 149 P.3d at 837. If the stage is not critical, there can be no constitutional violation, no matter how deficient counsel's performance. *Id.*

In *Estrada,* the Idaho Supreme Court held that "a defendant has a Sixth Amendment right to counsel regarding the decision of whether to submit to a psychosexual exam." *Id.* at 562–63, 149 P.3d at 837–38. In so holding, the Court distinguished a psychosexual exam from a routine presentence investigation. The Court stated:

A psychosexual exam concerned with the future dangerousness of a defendant is distinguishable from a "routine" presentence investigation. Specifically, Idaho Rule of Criminal Procedure 32 does not require a defendant's participation in a presentence investigation report, whereas I.C. § 18–8316 states, "If ordered by the court, an offender ... shall submit to [a psychosexual] evaluation...." The presentence report relies greatly on information already available in public records, such as educational background, residence history and employment information. *See* I.C.R.

32(b). In contrast, a psychosexual evaluation like the one Estrada faced is more in-depth and personal, and includes an inquiry into the defendant's sexual history, with verification by polygraph being highly recommended. Because of the nature of the information sought, a defendant is more likely to make incriminating statements during a psychosexual evaluation than during a routine presentence investigation. As the district court in this case concluded, "the psychosexual evaluation contained information concerning Estrada's *'future dangerousness.'* "

*Id.* at 562, 149 P.3d at 837. Although the Court was not directly addressing the issue, the Court appears to have indicated that a "routine" presentence investigation is not a critical stage.

The majority of other courts to directly address this issue agree with the indication in *Estrada.* Several federal courts have held that a routine presentence investigation is not a critical stage of the proceedings in a non-capital case. *See United States v. Benlian,* 63 F.3d 824, 827 (9th Cir.1995); *United States v. Gordon,* 4 F.3d 1567, 1572 (10th Cir.1993); *United States v. Tisdale,* 952 F.2d 934, 940 (6th Cir.1992); *United States v. Hicks,* 948 F.2d 877, 885 (4th Cir.1991); *United States v. Woods,* 907 F.2d 1540, 1543 (5th Cir.1990); *United States v. Jackson,* 886 F.2d 838, 845 (7th Cir.1989). Furthermore, many state courts have likewise concluded that a non-capital presentence investigation is not a critical stage. *See e.g. Musgrove v. State,* 638 So.2d 1347, 1352 (Ala.Crim.App. 1992), *aff'd* 638 So.2d 1360, 1363 n. 1 (Ala. 1993); *Lang v. State,* 461 N.E.2d 1110, 1115– 16 (Ind.1984); *People v. Daniels,* 149 Mich. App. 602, 386 N.W.2d 609, 613 (1986); *State v. Barber,* 494 N.W.2d 497, 501–02 (Minn.Ct. App.1993); *People v. Cortijo,* 291 A.D.2d 352, 352, 739 N.Y.S.2d 19 (2002); *State v. Knapp,* 111 Wis.2d 380, 330 N.W.2d 242, 245 (Ct.App. 1983).

■ Despite the majority view of other courts, Stuart maintains that he was entitled

sufficient argument or authority in his appellate brief to support this claim. We therefore decline

to address it. *See id.*

to effective assistance of counsel prior to and during his presentence investigation. Stuart's affidavit averred that counsel did not help him fill out the PSI questionnaire. Stuart, however, has not distinguished his presentence investigation from any other routine presentence investigation. Stuart's reliance on *United States v. Leonti*, 326 F.3d 1111 (9th Cir.2003), therefore, is misplaced. In *Leonti*, the court held that the defendant was entitled to assistance of counsel in his attempts to provide substantial assistance to the government under the Federal Sentencing Guidelines—a procedure that is "far from being routine" and is "marked by significant uncertainty and the accompanying possibilities for prejudice to the defendant's interests." *Id.* at 1120. Furthermore, Stuart's assertion that we must remand for the district court to determine if his presentence interview was a critical stage is unpersuasive. The district court apparently assumed, without deciding, that the presentence interview was a critical stage. Otherwise, the district court would have had no need to address whether counsel's performance was ineffective. We hold that Stuart's routine presentence interview was not a critical stage of the adversarial proceedings. Stuart's counsel could not, therefore, have provided ineffective assistance by failing to advise Stuart prior to or during the interview and in failing to help him fill out the presentence questionnaire.

## IV.

### CONCLUSION

Stuart's routine presentence interview was not a critical stage of the adversarial proceedings and, therefore, Stuart's counsel could not have provided ineffective assistance by failing to advise Stuart concerning his presentence investigation. We affirm the district court's order summarily dismissing Stuart's application for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge Pro Tem WALTERS, CONCURS.

Judge GUTIERREZ, SPECIALLY CONCURRING.

With the record before this Court, I am compelled to join in the majority's view that the presentence investigation process is not a critical stage of the adversarial proceedings. The presentence questionnaire and the presentence investigation report alluded to in the briefs and at oral argument were not made a part of the record on appeal. With an incomplete record before us, the missing presentence questionnaire and presentence investigation report must be presumed to support the action of the trial court. *Hoffman v. State*, 125 Idaho 188, 191, 868 P.2d 516, 519 (Ct.App.1994). Thus, the majority's analysis could only rely on the characterization of presentence investigations in Idaho as being "routine" and delving into information that for the most part is available in public records. *See Estrada v. State*, 143 Idaho 558, 562, 149 P.3d 833, 837 (2006).

I do not read *Estrada* as broadly as the majority and can see where a different conclusion may result after careful examination of Idaho's presentence investigation process. There may be substantial similarities with psychosexual evaluations and the numerous evaluations and testing that can be part of the presentence investigation process. For instance, during a presentence investigation, a probation officer may conduct domestic violence evaluations and drug and alcohol evaluations. Additionally, Stuart's counsel asserted at oral argument that probation officers now conduct several intrusive evaluations as part of a "routine" presentence interview. These include the "TCU" which counsel represented as a "drug testing instrument," an "LSIR" which counsel represented as a "Level of Services Inventory Revised" assessment to determine what types of programming are relevant in the correctional setting, and a "GAAN" assessment.

Additionally, it is noteworthy that at least one federal circuit suggests that under the new federal guidelines system, the presentence investigation process may be a critical stage. *See United States v. Colon*, 905 F.2d 580, 588 (2d Cir.1990). In *Colon*, the court noted that, under the new federal sentencing

**472**

guidelines, an admission to a probation officer of related past crimes can lead to a drastically increased sentence that is beyond the discretion of the sentencing court to reduce in any substantial fashion. The court had no occasion to hold that the presentence investigation in that case was a critical stage, however, because the defendant waived any objection to admission at sentencing of his statements made to the presentence investigator. *Id.*

One of the most recent states to address the issue squarely was Vermont in 2004. *See In re Carter,* 176 Vt. 322, 848 A.2d 281 (2004). In *Carter,* the post-conviction petitioner, after attempting unsuccessfully to invoke the right to counsel during the presentence interview, made damaging statements to probation officers which "ensured that he would spend virtually all of his adult life in jail." *Id.* at 296. The court initially held that a defendant's right to counsel under the Sixth Amendment depends primarily on the possibility of prejudice and unfairness in the proceedings and the ability of the presence of counsel to protect against such prejudice and unfairness. *Id.* at 300. The court noted that the federal cases holding that a presentence interview is not a critical stage were distinguishable because probation officers who prepare the reports in the federal system are employees of the judicial branch who answer to no one but the sentencing judge. In contrast, probation officers in Vermont who prepare the reports are employees of the executive branch, responsible to the Commissioner of Corrections. The court acknowledged that probation officers who prepare reports in Vermont are normally not agents of the prosecutors, and the prosecutors do not direct the actions of the probation officers. At the sentencing hearing in *Carter,* however, the prosecutor presented testimony from the officer emphasizing the reasons for a long sentence of incarceration, which led the court to conclude that the officer became, in essence, an expert witness for the prosecution in the adversary sentencing hearing. The Vermont court held that the presentence interview was a critical stage of the sentencing process and, therefore, a Sixth Amendment right to counsel attaches to the interview. *Id.* at 301. The court also held that

once the petitioner invoked his right to counsel, interviewing should have stopped until counsel was given the opportunity to be present. *Id. See also United States v. Tisdale,* 952 F.2d 934, 940 (6th Cir.1992), *United States v. Herrera–Figueroa,* 918 F.2d 1430, 1433 (9th Cir.1991), and *Commonwealth v. Talbot,* 444 Mass. 586, 830 N.E.2d 177, 184 (2005) (exercising court's supervisory authority to formulate procedural rules, the court held that probation officers are required, upon request, to permit an attorney to assist a defendant at the presentence interview).

While Idaho today sits with the majority in determining that the presentence investigation process is not a critical stage in the criminal adversarial system, it may be short-lived upon more comprehensive review of Idaho's presentence investigation process.