IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 38266

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 478 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 17, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RYAN THOMAS DAVIDSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge. Hon. Thomas P. Watkins, Magistrate.

Order of the district court affirming magistrate's order denying motion to dismiss, affirmed.

Ryan T. Davidson, Garden City, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

_____

GRATTON, Chief Judge

Ryan Thomas Davidson appeals from the district court's intermediate appellate decision affirming the magistrate's denial of his motion to dismiss. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2007, Davidson was charged with driving with an expired license, Idaho Code § 49-319, and fictitious display of plates, I.C. § 49-456. He was found guilty of the expired license charge and Davidson thereafter pled guilty to the fictitious display charge. The magistrate sentenced Davidson to the statutory penalties on each count. Davidson then filed a motion for discharge of judgment on the grounds that he was indigent and "further on the grounds that neither infraction was a moving violation." The magistrate denied Davidson's motion because he did not provide sufficiently-current financial information. In response, on August 27, 2007, Davidson filed an affidavit of indigency. On August 28, 2007, the Idaho

1

Transportation Department (ITD) issued a notice to Davidson that his license would be suspended from September 17, 2007, through December 16, 2007, for failure to pay his fines. A hearing was held on September 28, 2007, regarding Davidson's request for relief from the fines, at which the magistrate found Davidson was not indigent and denied his motion for relief.

Over two months later, on December 10, 2007, Davidson filed a motion to show cause as to whether his license should be suspended for the original tickets and a motion to stay the suspension of his driving privileges. Davidson argued in his motion that his suspension should be reversed because it violated his right to procedural due process, and also because the license suspension statute did not apply to him. The magistrate denied the motion, and on February 15, 2008, Davidson appealed the decision to the district court. On March 31, 2008, the district court gave its notice of intent to dismiss. Davidson did not respond to that notice, and on April 28, 2008, the appeal was dismissed.

On November 29, 2007, during the suspension period imposed in the unrelated case, Davidson was cited for driving without privileges, the charge that gives rise to the current appeal. Davidson failed to attend a pretrial conference in the case and a bench warrant was issued for his arrest. He was offered a plea agreement however, against advice of counsel, Davidson rejected this offer. The magistrate then ordered the public defender's office to appoint conflict counsel per Davidson's request. Davidson requested that his conflict counsel move to dismiss the case, and conflict counsel refused. Davidson then opted to proceed pro se and filed a motion to dismiss, which was denied by the magistrate.

After the magistrate's denial, Davidson entered a conditional guilty plea reserving his right to appeal the denial of his motion to dismiss under Idaho Criminal Rule 11. The magistrate sentenced him to five days in jail, two of which had already been served at the time of sentencing, and suspended his driver's license for six months. Rather than staying the sentence pending appeal as Davidson requested, the magistrate immediately remanded Davidson into custody to serve his jail sentence, apparently because Davidson failed to file a written motion requesting a stay. The next day Davidson filed a proposed order for immediate stay of execution, but the order was not signed for two weeks and, as a result, Davidson served his entire jail sentence. Davidson appealed to the district court, who affirmed the magistrate's denial of the motion. Davidson further appeals.

## II.

## DISCUSSION

Davidson contends that his driver's license was suspended in violation of I.C. § 49-1505, as well as procedural and substantive due process. He also contends that the infirmities in the original suspension provide an affirmative defense to the current charge of driving without privileges. Further, he argues: (1) that the magistrate abused his discretion by requiring Davidson's motion for a stay of sentence pending appeal to be in writing;[1] (2) that he received ineffective assistance of counsel; and (3) that he is entitled to an award of attorney fees on appeal. The State asserts that Davidson has failed to show the district court erred by affirming the magistrate's denial of Davidson's motion to dismiss and, further, that Davidson has failed to establish that he is entitled to an award of attorney fees.

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217.

---

[1] Davidson has already served his jail sentence and, therefore, any further proceedings on this issue are moot. *See State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004). Nevertheless, such short jail sentences are likely to evade judicial review. Therefore, we note that Davidson is correct in his argument that a motion for a stay of sentence pending appeal is not required to be in writing. Idaho Criminal Rule 47 clearly states that "A motion other than one made during a trial or hearing shall be in writing *unless the court permits it to be made orally*." (Emphasis added.) The magistrate court apparently believed that I.C.R. 11(a)(2) required that the motion be written. However, that rule addresses conditional pleas, not motions. Moreover, the court had accepted Davidson's conditional plea despite its noncompliance with that rule.

3

**A.      Due Process**

Davidson first contends that the license suspension resulting from his failure to pay fines in 2007 violated procedural due process and I.C. § 49-1505.   Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.* The test for determining whether state action violates procedural due process requires the Court to consider three distinct factors:   (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the existing procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Rios-Lopez v. State*, 144 Idaho 340, 342, 160 P.3d 1275, 1277 (Ct. App. 2007) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."   The right to procedural due process guaranteed under both the Idaho and United States Constitutions requires that a person involved in the judicial process be given meaningful notice and a meaningful opportunity to be heard. *Rudd v. Rudd*, 105 Idaho 112, 115, 666 P.2d 639, 642 (1983).   Due process requires that judicial proceedings be fundamentally fair. *Lassiter v. Dep't of Soc. Serv. of Durham Cty., North Carolina*, 452 U.S. 18, 24-25 (1981).   Procedural due process is not a rigid concept, but, rather, it "is flexible and calls for such procedural protections as the particular situation demands." *State v. Blair*, 149 Idaho 720, 722, 239 P.3d 825, 827 (Ct. App. 2010).

When a person is ordered to pay a fine for a traffic infraction and fails to do so, Idaho Infraction Rule 10 provides that the court "shall sign a notice of nonpayment and send it to the Department of Transportation for suspension of defendant's driver's license as provided by law." As provided by I.I.R. 11, a show cause hearing as to whether a defendant's driver's license should be suspended for nonpayment of a penalty shall be held by the court:   "(1) if a defendant appears in court at the time indicated in a Deferred Payment Agreement made under Rule 9(f), or (2) if the defendant requests a hearing before the payment date for a penalty as authorized under

4

a Notice of Default Judgment issued under Rule 8(d), or (3) at any other time in the discretion of the court." As further provided by I.I.R. 11, the show cause hearing "shall be an evidentiary hearing to determine if the defendant has the complete and continuing financial inability to pay the penalty."

Davidson argues that his right to procedural due process was violated because the hearing provided for in the Idaho Infraction Rules is limited to the determination of indigency. Davidson argues that procedural due process requires a hearing that is open to all issues, one "whereby ministerial, legal, or other errors can be brought before the court." However, even if we assume, arguendo, that procedural due process requires the kind of broad hearing Davidson claims, he has failed to show that his right to procedural due process was violated in the original case. Davidson filed a motion for discharge of judgment after the fines were imposed, arguing that he was indigent and that the Idaho statute authorizing suspension did not apply. After Davidson filed the proper financial information, a hearing was held in regard to his license suspension. There is nothing in the record to show, and Davidson does not argue, that he was limited in the arguments he made to the magistrate. Furthermore, notice of the license suspension was sent by ITD to Davidson on August 28, 2007, nearly three weeks before his license suspension was to begin. In sum, Davidson received notice and the kind of hearing that he asserts procedural due process requires.

Davidson next contends that the magistrate did not comply with I.C. § 49-1505 prior to sending notice of Davidson's nonpayment to ITD. Idaho Code § 49-1505 provides, in relevant part:

> The department [ITD] shall immediately suspend the driver's license, permit and operating privileges of any driver upon receiving notice from any court of the state that a person has failed to pay the penalty for a traffic infraction judgment. The notice may be sent to the department by any court which shall certify that a judgment for an infraction not involving a pedestrian or a bicycle violation has been entered against the person and that he has failed to pay the penalty after notice and hearing, or opportunity for hearing, as prescribed by rule of the supreme court. No notice of nonpayment of an infraction penalty shall be sent to the department if the court finds that the person failing to pay the penalty has a complete and continuing financial inability to pay the penalty.

I.C. § 49-1505(1).

The procedure "prescribed by rule of the supreme court" refers to I.I.R. 10 and 11, which provide for a show cause hearing regarding the license suspension. Davidson asserts that the magistrate never informed him of the date payment was due on his fines, nor sent him a notice telling him that he had failed to pay. Due to these alleged statutory violations, Davidson argues his original license suspension was illegal. Initially, we note there is nothing in the record to indicate what was or was not communicated to Davidson by the magistrate regarding the payment due date for his fines. The only evidence in the record regarding the issue is the notice of nonpayment sent to ITD, which indicates that Davidson was required to pay his fines on July 23, 2007, the same day he was found guilty of the original charges. There is no evidence in the record from which we can determine whether or not he was provided with notice of his right to a hearing prior to receiving the suspension notice sent by ITD.

Despite the absence of evidence in the record clarifying these points, it is clear that Davidson received all of the process he argues he was entitled to. Whether or not there are deficiencies in the statutory framework, generally, Davidson filed a motion for discharge of judgment on July 26, 2007, three days after the fines were imposed, arguing for relief on the grounds of indigency and that the relevant statutes did not apply to him. The magistrate treated this motion as a motion to show cause and on August 2, 2007, Davidson's request for relief was denied due to lack of current financial information. Davidson then waited more than three weeks, until August 27, 2007, to file an affidavit with the required financial information. Once Davidson filed the proper financial information with the magistrate, a hearing was scheduled regarding his license suspension which was held on September 28, 2007. Thus, Davidson took advantage of the process provided for by Idaho statute and the infraction rules. He was able to obtain a hearing regarding his license suspension. We do not have any information as to why the hearing was scheduled for September although, presumably, had Davidson initially filed sufficiently-current financial information with the court, the hearing might have been held prior to the notice of nonpayment being sent. And in regard to the magistrate's alleged failure to give Davidson notice of his right to a hearing, it is important to note that Davidson filed his motion on July 26, 2007, three days after he was sentenced; the magistrate's notice of nonpayment was not sent to ITD until August 22, 2007. In essence, Davidson had already exercised his right to a pre-suspension hearing, the same right he now complains the magistrate failed to advise him of.

6

Based on these circumstances, we cannot say that Davidson's license was suspended in violation of I.C. § 49-1505.[2]

Davidson also argues that I.C. § 49-1505 violates substantive due process, but Davidson failed to raise this claim before the magistrate. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Thus, we will not address this issue further. Also, because we have found Davidson's statutory and constitutional arguments to be unavailing, we need not address his contention that the alleged infirmities in the underlying suspension provide an affirmative defense to the current charge of driving without privileges.

**B.    Ineffective Assistance of Counsel**

Davidson argues that he received ineffective assistance of counsel, asserting that neither of the attorneys that were assigned to his case provided him with a legal defense because they refused to file the motion to dismiss. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hughes v. State*, 148 Idaho 448, 451, 224 P.3d 515, 518 (Ct. App. 2009). When alleging an attorney's failure to pursue a motion constituted ineffective assistance of counsel, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *See Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Boman*, 129 Idaho at 526, 927 P.2d at 916.

Davidson argues that he received ineffective assistance because neither of the two attorneys was willing to file a motion to dismiss based on the constitutional arguments Davidson

---

[2]    Additionally, we note that if Davidson believed that the magistrate limited the scope of the hearing in violation of due process, or that his license suspension was instituted in violation of Idaho Code, the proper avenue for relief would be to litigate the issue by obtaining a ruling and appealing the magistrate's decision. Davidson failed to appeal the magistrate's decision and, thus, failed to utilize the procedures available to him.

has put forth himself.[3] We must reject Davidson's argument as we have already determined that the issues he raises are without merit. "In cases like this, where the asserted deficiency on the part of counsel consists of a failure to pursue a particular issue, which even if pursued would not have afforded a basis for relief, we will reject any ineffective assistance of counsel claim." *Short v. State*, 135 Idaho 40, 43, 13 P.3d 1253, 1256 (Ct. App. 2000); *Huck v. State*, 124 Idaho 155, 158-59, 857 P.2d 634, 637-38 (Ct. App. 1993). Since the arguments in Davidson's motion are unavailing, counsel's performance cannot be said to be deficient for failing to pursue the motion, nor has Davidson shown that he was prejudiced in any way. Therefore, the magistrate properly dismissed Davidson's ineffective assistance of counsel claims.

## C.    Attorney Fees

Davidson also contends that he is entitled to attorney fees on appeal. However, because Davidson has not prevailed on any of his claims, we need not address this issue.

### III.

### CONCLUSION

Davidson's claim regarding violation of his right to procedural due process is unavailing. Davidson's license suspension did not violate I.C. § 49-1505. Davidson has failed to meet either prong of the *Strickland* test and, therefore, his claims of ineffective assistance of counsel are without merit. Furthermore, Davidson is not entitled to attorney fees. The district court's intermediate appellate decision affirming the denial of Davidson's motion to dismiss is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**

---

[3]    Davidson also claims that his second attorney was ineffective for failing to call him to tell him about a hearing. However, the responsibility for not attending the hearing must ultimately fall upon Davidson, who admittedly forgot about it. Thus, that claim is frivolous.