149 P.3d 833

**Krispen ESTRADA, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 30821/32755.**

Supreme Court of Idaho,
Boise, September 2006 Term.

Nov. 24, 2006.

Rehearing Denied Jan. 22, 2007.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. John C. McKinney argued.

TROUT, Justice.

This Court has granted Appellant Krispen Estrada's request for review of an Idaho Court of Appeals decision upholding the district court's denial of Estrada's petition for post-conviction relief. The petition was grounded on Estrada's ineffective assistance of counsel claim, which was based on his attorney's failure to advise Estrada of his Fifth Amendment privilege to refuse to submit to a court-ordered psychosexual evaluation for sentencing purposes.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the underlying criminal case, Estrada pleaded guilty to the rape of his estranged wife. An associated charge of kidnapping was dismissed. From the record in that case it appears that Estrada's crime was brutal. He choked and battered the victim before raping her, and committed these acts in the presence of his five young children. After the victim and children were able to leave the house, Estrada engaged in a seven-hour armed standoff with police before he surrendered.

At the plea hearing, the district court advised Estrada that he was waiving his constitutional right against self-incrimination. After accepting Estrada's plea, the district court ordered a psychosexual evaluation of Estrada pursuant to Idaho Code section 18–8316. Estrada then wrote to the district court, asserting that the evaluation was unnecessary and caused a frustrating delay in his sentencing. Estrada's attorney responded by writing a letter to Estrada advising him that the evaluation was not a delay tactic, but "must be completed before sentencing." The attorney also commented, "I want every single good piece of evidence that I can get my hands on to be able to argue at your sentencing." Based on the letter, Estrada decided to participate in the evaluation. Later, however, Estrada failed to complete certain evaluation forms, which prompted the evaluator, Larry Gold (Gold), to contact Estrada's attorney to relay Estrada's refusal to

cooperate. The attorney sent Estrada another letter, in which he noted that the evaluation was ordered by the district court. The attorney wrote, "We would not want the judge to consider your lack of cooperation to mean that you are not willing to comply with court orders." Thereafter, Estrada participated in the evaluation, which took place in the county jail.

The evaluation was filed with the district court and included a number of unfavorable and derogatory comments about Estrada, including references to his potential for future violent actions. Estrada's attorney did not attempt to suppress the evaluation, but instead pointed to the evaluator's observation that Estrada was not a perpetrator on strangers and Estrada's risk to children was "nonexistent." Nevertheless, the district court imposed a life sentence, twenty-five years fixed, relying in part on the evaluation's conclusion that Estrada had an "extreme violent nature" and a low level of treatment motivation. The district court summed up the evaluation as indicating "a serious problem and danger involved in releasing you [Estrada] back into society." The district court also observed the violent nature of the rape, noted Estrada's two prior felony convictions, and emphasized the protection of the victim and her family as the "guiding principle" by which the sentence was determined.

The sentence was affirmed on appeal. Estrada then filed a petition for post-conviction relief, claiming ineffective assistance of counsel. Estrada argued his attorney should have advised him that even after entering a guilty plea, he still retained his right against self-incrimination and was not required to participate in the psychosexual evaluation. Estrada also claimed his attorney was ineffective in not moving to suppress the evaluation on the grounds that it was obtained in violation of his Fifth Amendment privilege. Had the court not considered the evaluation, Estrada contended, he would have received a more favorable sentence.

After an evidentiary hearing, the district court denied the petition.[1] The court con-

1. Because the judge who had issued Estrada's sentence had by this time retired, a different district judge presided.

cluded that Estrada did have a Fifth Amendment right against self-incrimination relating to the psychosexual evaluation and his attorney was deficient in failing to advise him of such. Applying the test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the district court concluded, however, that Estrada was not prejudiced by the deficiency under the second prong of the *Strickland* test because the psychosexual evaluation did not affect the length of his sentence. On appeal, the Court of Appeals agreed that the privilege against self-incrimination applied to psychosexual evaluations ordered by the court for sentencing. The Court of Appeals further concluded that Estrada's attorney's performance was not deficient because "no decision of the Idaho appellate courts or of the United States Supreme Court had held that a defendant may invoke the privilege against self-incrimination in a court-ordered mental health evaluation conducted for sentencing in a noncapital case." Because the attachment of the privilege was "not clear" when Estrada's evaluation occurred, the court concluded, Estrada's attorney could not be faulted for failing to give this advice. As to the attorney's failure to move to suppress the evaluation, the court concluded that it did not constitute deficient representation because Estrada waived his right by failing to invoke it before or during the evaluation. Finding no deficiency, the Court of Appeals affirmed the district court's order denying post-conviction relief without addressing the prejudice prong of the *Strickland* test. This Court granted Estrada's petition for review.

## II. STANDARD OF REVIEW

While this Court gives serious consideration to the views of the Court of Appeals when considering a case on review from that court, this Court reviews the district court's decisions directly. *State v. Rogers*, 140 Idaho 223, 226, 91 P.3d 1127, 1130 (2004). Where the district court conducts an evidentiary hearing in a post-conviction proceeding, the court's findings of fact will not be disturbed on appeal unless clearly erroneous. *Ray v. State*, 133 Idaho 96, 98, 982 P.2d 931, 933 (1999). The reviewing court, however, exercises free and independent review of the district court's application of law. *Hollon v.*

*State*, 132 Idaho 573, 976 P.2d 927, 930 (1999). Constitutional issues are pure questions of law over which this Court exercises free review. *Quinlan v. Idaho Com'n for Pardons and Parole*, 138 Idaho 726, 729, 69 P.3d 146, 149 (2003).

In reviewing claims for ineffective assistance of counsel, the Court utilizes the two-prong test set forth in *Strickland v. Washington, supra., Mitchell v. State*, 132 Idaho 274, 277, 971 P.2d 727, 730 (1998). To prevail on such a claim, an applicant for post-conviction relief must demonstrate (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different. *Mitchell*, 132 Idaho at 277, 971 P.2d at 730; *Strickland*, 466 U.S. at 687–88, 692, 104 S.Ct. at 2064–65, 2067, 80 L.Ed.2d at 693–94, 696–97. When evaluating an ineffective assistance of counsel claim, strategic and tactical decisions will not be second-guessed or serve as a basis for post-conviction relief unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review. *Pratt v. State*, 134 Idaho 581, 584, 6 P.3d 831, 834 (2000). When considering whether an attorney's failure to file a motion to suppress constitutes deficient performance, the Court examines the probability of success of such a motion in order to determine whether counsel's decision was within the wide range of permissible discretion and trial strategy. *Hollon*, 132 Idaho at 579, 976 P.2d at 933.

## III. DISCUSSION

### A. Critical stage under the Sixth Amendment

The first question presented by this case is whether a court-ordered psychosexual evaluation constitutes a critical stage of litigation at which the Sixth Amendment right to counsel applies. While neither party in this case directly raises this issue, the question is indirectly raised as a necessary precursor to the arguments presented regarding Estrada's claim for ineffective assistance of counsel.

■ The Sixth Amendment guarantees a criminal defendant the right to counsel during all "critical stages" of the adversarial proceedings against him. *United States v. Wade,* 388 U.S. 218, 224, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149, 1156 (1967); *State v. Ruth,* 102 Idaho 638, 637 P.2d 415 (1981). A defendant's right to effective assistance of counsel "extends to all critical stages of the prosecution where his substantial rights may be affected, and sentencing is one such stage." *Retamoza v. State,* 125 Idaho 792, 796, 874 P.2d 603, 607 (Ct.App.1994) (citing *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 256, 19 L.Ed.2d 336, 340 (1967)). In determining whether a particular stage is "critical," it is necessary "to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." *Wade,* 388 U.S. at 227, 87 S.Ct. at 1932, 18 L.Ed.2d at 1157. "[I]f the stage is not critical, there can be no constitutional violation, no matter how deficient counsel's performance." *United States v. Benlian,* 63 F.3d 824, 827 (9th Cir.1995).

It makes no sense that a defendant would be entitled to counsel up through conviction or entry of a guilty plea, and would also be entitled to representation at sentencing, yet would not be entitled to the advice of counsel in the interim period regarding a psychosexual evaluation. The analysis in *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), is instructive. In *Estelle,* the United States Supreme Court ruled that the capital defendant's pre-trial psychiatric evaluation was a critical stage of the proceedings. *Id.* at 470, 101 S.Ct. at 1877, 68 L.Ed.2d at 373–74. The Court stated the defendant had a Sixth Amendment right to the assistance of counsel *before* submitting to the interview, observing that it "is central to [the Sixth Amendment] principle that in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." *Id.* at 470–71, 101 S.Ct. at 1876–77, 68 L.Ed.2d at 373–74 (quotation omitted).

A psychosexual exam concerned with the future dangerousness of a defendant is dis-

tinguishable from a "routine" presentence investigation. Specifically, Idaho Rule of Criminal Procedure 32 does not require a defendant's participation in a presentence investigation report, whereas I.C. § 18–8316 states, "If ordered by the court, an offender … shall submit to [a psychosexual] evaluation…." The presentence report relies greatly on information already available in public records, such as educational background, residence history and employment information. *See* I.C.R. 32(b). In contrast, a psychosexual evaluation like the one Estrada faced is more in-depth and personal, and includes an inquiry into the defendant's sexual history, with verification by polygraph being highly recommended. Because of the nature of the information sought, a defendant is more likely to make incriminating statements during a psychosexual evaluation than during a routine presentence investigation. As the district court in this case concluded, "the psychosexual evaluation contained information concerning Estrada's 'future dangerousness.' "

Importantly, the *Estelle* Court recognized that the defendant was not seeking a right to have counsel actually present during the exam. *Id.* at 471, n. 14, 101 S.Ct. at 1877, n. 14, 68 L.Ed.2d at 374, n. 14. This clarification reflects a difference between the "limited right to the appointment and presence of counsel recognized as a Fifth Amendment safeguard in *Miranda* " and a defendant's Sixth Amendment right to assistance of counsel. *See id; see also State v. Tinkham,* 74 Wash.App. 102, 871 P.2d 1127, 1131 (1994) (ruling a court-ordered psychological exam to determine a defendant's future dangerousness for sentencing purposes is a critical stage requiring the assistance of counsel, but clarifying "we are not holding that counsel has a right to be present, only that the defendant has the right to advice"). This Court's finding that a Sixth Amendment right to *assistance* of counsel in the critical stage of a psychosexual evaluation inquiring to a defendant's future dangerousness, does not necessarily require the *presence* of counsel during the exam. Because Estrada does not argue his attorney should have been present during the evaluation, this ruling is limited to the finding that a defendant has a

Sixth Amendment right to counsel regarding only the decision of whether to submit to a psychosexual exam.

Because Estrada does have a right to at least the advice of counsel regarding his participation in the psychosexual evaluation, we proceed to determine whether Estrada's counsel was effective in carrying out that role.

## B. Ineffective assistance of Counsel

Estrada claims he was denied effective assistance of counsel in violation of the Sixth Amendment "assistance of counsel" clause, applied to the states via the Fourteenth Amendment due process clause, and in violation of the right to counsel clause of Article 1, § 13 of the Idaho Constitution. Both Estrada and the State have limited their analysis of ineffective assistance of counsel to the federal framework; this Court's analysis will be similarly restricted. *See State v. Odiaga*, 125 Idaho 384, 387, 871 P.2d 801, 804 (1994).

 The United States Supreme Court established the standard for a claim of ineffective assistance of counsel in *Strickland v. Washington, supra. Strickland* sets forth two components necessary to a criminal defendant's claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

### 1. Deficiency

 In evaluating the potential deficiency of Estrada's attorney, this Court must first address whether Estrada could assert the Fifth Amendment privilege against self-incrimination during the psychosexual evaluation.

 The availability of the Fifth Amendment privilege against self-incrimination "does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites." *Application of Gault*, 387 U.S. 1, 49, 87 S.Ct. 1428, 1455, 18 L.Ed.2d 527, 558 (1967) (noting the privilege may be claimed in a civil or administrative proceeding if the statement is or may be inculpatory). This Court's decisions clearly indicate that both at the point of sentencing and earlier, for purposes of a psychological evaluation, a defendant's Fifth Amendment privilege against self-incrimination applies.[2] *See State v. Lankford*, 116 Idaho 860, 871, 781 P.2d 197, 208 (1989) ("The fifth amendment privilege against self-incrimination and the sixth amendment right to counsel apply to custodial psychiatric exams conducted prior to sentencing as well as those conducted prior to trial."); *State v. Wilkins*, 125 Idaho 215, 217–18, 868 P.2d 1231, 1233–34 (1994) (holding that the Fifth Amendment privilege protects a defendant against compelled testimony at the sentencing hearing in a non-capital case); *State v. Odiaga*, 125 Idaho 384, 387, 871 P.2d 801, 804 (1994) ("Following Idaho's repeal of the insanity defense, no statutory scheme remains through which a psychological evaluation can be compelled without threatening the rights guaranteed under both [the Fifth Amendment to the United States Constitution and article I, section 13, of the Idaho Constitution]."); *State v. Wood*, 132 Idaho 88, 100, 967 P.2d 702, 714 (1998) (noting that "[i]f a psychiatrist or psy-

---

**2.** This Court distinguishes between the Fifth Amendment privilege against self incrimination and the framework set out under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) to protect those rights in certain circumstances. *Id. Miranda* warnings are merely a method of protecting one's Fifth Amendment rights. That *Miranda* is not required does not mean the privilege against self-incrimination does not exist. *See Minnesota v. Murphy*, 465

U.S. 420, 430–34, 104 S.Ct. 1136, 1143–45, 79 L.Ed.2d 409, 421–24 (1984) (noting privilege could have been invoked during interview with probation officer, but ruling *Miranda* warnings not required because the interview was not a "custodial interrogation"). This case does not address *Miranda,* and this Court does not hold that it was necessary for Gold to *Mirandize* Estrada before conducting the psychosexual evaluation.

chologist had been appointed by the court for purposes of a presentence investigation, counsel for Wood would have had the opportunity to advise his client of the possible uses of the information *and of the privilege against self-incrimination.*").

■■■ The real issue presented by this case is the significance and extent of a defendant's right against self-incrimination. The State argued in its briefing and at oral argument that this Court should interpret incrimination extremely narrowly, such that a defendant's right not to disclose applies only to matters that would subject him to additional criminal charges or that would prompt a judge to exceed the sentencing standards that would otherwise apply. Incrimination is implicated not just when additional charges could be filed, but also when punishment could be enhanced as a result of the defendant's statements. *Pens v. Bail,* 902 F.2d 1464 (9th Cir.1990) (holding that use of admission of past crimes, during state-ordered psychotherapeutic treatment, to enhance sentence violated defendant's right against self-incrimination); *Jones v. Cardwell,* 686 F.2d 754, 756 (9th Cir.1982) (holding that defendant may invoke privilege against self-incrimination where sentencing court uses confession obtained from state's agent to enhance sentence) (citing *Estelle,* 451 U.S. at 463, 101 S.Ct. at 1873, 68 L.Ed.2d at 369, *Gault,* 387 U.S. at 49, 87 S.Ct. at 1455, 18 L.Ed.2d at 558). *See also* I.C. § 19–3003; *State v. Anderson,* 130 Idaho 765, 770, 947 P.2d 1013, 1018 (Ct.App. 1997). As to limiting incrimination to situations where sentence guidelines or standards could be exceeded, that would be meaningless in Idaho because no such sentencing guidelines or standards exist here. In the case of rape, the duration of sentence authorized by the State of Idaho ranges from one year to the life of the defendant. I.C. § 18–6101. Imposition of a harsher sentence within this expansive range based on a defendant's statements in a psychological evaluation is a violation of the right against self-incrimination.

■■■ The district court found that under *Strickland,* Estrada's attorney was deficient in failing to inform Estrada of his right to assert the privilege against self-incrimination. The judge's findings on this point are not clearly erroneous and are affirmed by this Court. *Strickland* sets an "objective standard of reasonableness" for judging whether errors in an attorney's performance are serious enough to render that performance defective. 466 U.S at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693–94. *See also State v. Hairston,* 133 Idaho 496, 511, 988 P.2d 1170, 1185 (1999). "There is 'a strong presumption that counsel's performance falls within the wide range of professional assistance.'" *Hairston,* 133 Idaho at 511, 988 P.2d at 1185 (citing *Aragon v. State* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988)). Under *Strickland,* "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." 466 U.S at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693–94. Given the state of the law established by *Estelle, Wilkins, Odiaga, Wood,* and *Lankford,* this Court cannot find that Estrada's attorney acted reasonably under prevailing standards of professional norms. *See Estelle,* 451 U.S. at 470, 101 S.Ct. at 1877, 68 L.Ed.2d at 373–74; *Wilkins,* 125 Idaho at 217–18, 868 P.2d at 1233–34; *Odiaga,* 125 Idaho at 387, 871 P.2d at 804; *Wood,* 132 Idaho at 100, 967 P.2d at 714; *Lankford,* 116 Idaho at 871, 781 P.2d at 208; *Strickland,* 466 U.S at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693–94. While no Idaho Supreme Court or United States Supreme Court case has specifically articulated a Fifth Amendment right against self-incrimination as it applies to psychosexual evaluations that may support a harsher sentence in a non-capital case, the case law nevertheless indicates that the Fifth Amendment applies to psychosexual evaluations. We affirm the district court's conclusion that Estrada's attorney was deficient in failing to inform his client of this right.

Estrada also alleges ineffective assistance of counsel by claiming his attorney was deficient in failing to file a motion to suppress the psychosexual evaluation. Given our conclusion that Estrada's attorney was deficient in failing to advise him of his Fifth Amendment right at the time of participation in the evaluation, we need not address Estrada's second basis for alleging deficient performance.

## 2. Prejudice

In addition to showing deficient performance under the first prong of *Strickland,* a criminal defendant claiming ineffective assistance of counsel must demonstrate that the deficiency resulted in prejudice. 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. A defendant shows prejudice by establishing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. Further, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The sentencing judge's specific, repeated references to the psychosexual evaluation suggest that it did play an important role in the sentencing. While we do not pass judgment in any way on whether the sentence actually imposed on Estrada was unreasonable or excessive, nevertheless, Estrada has met his burden of showing that the evaluation played a role in his sentence. Therefore, Estrada has demonstrated prejudice as a result of his attorney's failure to advise him of his Fifth Amendment rights.

## IV. CONCLUSION

Estrada has met his burden of showing ineffective assistance of counsel in his attorney's failure to advise him of his Fifth Amendment right against self-incrimination and in the resulting prejudice through the sentencing judge's reliance on the psychosexual evaluation. This case is reversed and remanded to the district court for re-sentencing.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.

