Chief Judge GRATTON,
Specially Concurring.
I concur with the majority opinion except as to the extent of “advice” which the majority holds counsel must provide relative to participation in a psyehosexual evaluation. Specifically, I agree that effective assistance of counsel under Estrada v. State, 143 Idaho 558, 149 P.3d 833 (2006), “requires counsel to inform the defendant of his or her Fifth Amendment right to remain silent as to the psyehosexual evaluation.” However, I believe that is all that is required. Consequently, I disagree with the majority’s determination that counsel must also advise:
“that anything the defendant says to the evaluator will be disclosed to the court for its consideration in formulating a defendant’s sentence.”
First, Estrada does not go that far. Second, the Fifth Amendment right is the right to remain silent. The Estrada Sixth Amendment right is simply a right to have counsel inform the defendant of the Fifth Amendment right. No more. Third, it must be remembered that Idaho is, upon our research, the only jurisdiction to require, under the Sixth Amendment, that counsel provide any information or advice to a defendant regarding his or her Fifth Amendment right to remain silent in the conduct of a psycho-sexual evaluation. The Estrada Sixth Amendment requirement is, thus, very narrow. Fourth, while it may be permissible or even advisable for trial counsel to inform the defendant of how any statements may be used, such advice is not constitutionally dictated. The Fifth Amendment does not speak to any right to know how statements made might be used. Thus, since there is no Fifth Amendment right to be told how statements might be used, there is no Sixth Amendment right — under Estrada or otherwise — to be advised by counsel as to how statements might be used. While the warning developed in Miranda[2] includes an admonition as to how statements may be used, the Miranda Court acknowledged that its warning is a prophylactic measure developed by the Court to protect the right, not define it.
The additional disclosure by counsel required by the majority “that anything the defendant says to the evaluator will be disclosed to the court for its consideration in formulating a defendant’s sentence,” includes information as to how any statements will be disclosed “to the court,” and how such statements may be used as “consideration in formulating a defendant’s sentence.” If the majority is holding that the extent of counsel’s obligation is, literally, to tell the defendant that the information will be disclosed to the court and the court will use it in considering sentence, the requirement is rather innocuous, although, as pointed out above, not constitutionally required. The majority should make that clear. Otherwise, questions will inevitably arise as to whether counsel must describe how the information provided to the evaluator may be considered by the court in formulating the defendant’s sentence. For example, whether counsel must state: (1) that the court may use the information to impose a less favorable sentence; or (2) that if the defendant refuses to participate, the court may impose a less favorable sentence because the court would not have information it may deem helpful in fashioning a proper sentence; or (3) how the psychosexual evaluation may result in a less favorable sentence, e.g., disclosures in the psychosexual evaluation or polygraph of other misconduct or deviance; or (4) how the psychosexual evaluation may mitigate the sentence in *176 favor of the defendant. If counsel must state anything beyond the literal requirement “that anything the defendant says to the evaluator will be disclosed to the court for its consideration in formulating a defendant’s sentence,” then where does the constitution draw the Sixth Amendment right to counsel line?[3] On the other hand, I see no real benefit or constitutional mandate to a requirement that counsel must literally advise the defendant of that which is already expressly known or obvious — that the psycho-sexual evaluation which the court ordered for sentencing purposes may be used by the court in sentencing the defendant. I would hold that, under Estrada, counsel is only required “to inform the defendant of his or her Fifth Amendment right to remain silent as to the psychosexual evaluation.”

. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).

. I certainly agree with the majority conclusion that neither Estrada nor the Sixth Amendment require of counsel that which is argued for by Gonzales; which is that not only must counsel advise his or her client of the Fifth Amendment right, but also: (1) advise the client as to whether, under the circumstances, the client should invoke or waive that right; (2) to the extent it could ever be reasonable to advise a defendant to waive the right, counsel cannot act competently in advising the defendant unless and until counsel knows what information is likely to be revealed in the evaluation, and what kind of conclusions might result; and (3) the only way for counsel to gather the evidence necessary to competently advise the defendant as to whether to waive his or her Fifth Amendment rights and participation in the evaluation — or properly prepare for sentencing at all' — is to obtain a prior, independent, confidential/privileged evaluation.