IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36858

| DENNIS R. HEILMAN, | ) | 2011 Unpublished Opinion No. 684 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 3, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Order of the district court denying application for post-conviction relief, affirmed.

Dennis R. Heilman, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Dennis R. Heilman appeals from the district court's order denying his application for post-conviction relief following an evidentiary hearing. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Heilman was convicted by a jury of rape, aggravated assault, false imprisonment, and unlawful entry. The district court sentenced Heilman to concurrent periods of twenty years with six years determinate. Heilman's direct appeal in this matter was dismissed by the Idaho Supreme Court due to his counsel filing the initial notice of direct appeal four days late.

Heilman then filed a pro se application for post-conviction relief asserting ineffective assistance of counsel by failing to: (1) timely file his direct appeal; (2) file an Idaho Criminal Rule 35 motion; and (3) advise Heilman of his Fifth Amendment right to refuse to participate in a psychosexual evaluation (PSE). The State filed a motion for summary disposition asserting the

1

application was untimely. The district court denied the State's motion, finding the application timely because of the timing of the denial of Heilman's motion for a new trial. The State then filed a second motion for summary disposition. In that motion, the State asserted that Heilman failed to present any material issue of fact supported by anything more than mere assertions on the issue of whether or not he was advised of his right not to participate in the PSE. The district court found that trial counsel was ineffective for failing to file either a timely appeal or a timely Rule 35 motion and, therefore, vacated and re-entered the judgment of conviction to allow the timely filing of an appeal and a Rule 35 motion.[1] The court scheduled an evidentiary hearing on the remaining issue of ineffective assistance of counsel.

Following the evidentiary hearing, the district court held that Heilman had "failed to establish his claim of ineffective assistance of counsel" and denied the application. Heilman timely appealed. Heilman argues the district court erred in holding that he failed to establish his Fifth Amendment claim and also that his counsel was ineffective in failing to appear at the PSE and during the Presentence Investigation (PSI).

**II.**

**DISCUSSION**

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992). The reviewing court, however, exercises free and independent review of the district court's application of law. *Hollon v. State*, 132 Idaho 573, 976 P.2d 927, 930 (1999). Constitutional

---

[1] Heilman's conviction and sentence were affirmed by this Court on appeal. *State v. Heilman*, Docket No. 36554 (Ct. App. December 10, 2010) (unpublished).

issues are pure questions of law over which this Court exercises free review. *Quinlan v. Idaho Com'n for Pardons and Parole*, 138 Idaho 726, 729, 69 P.3d 146, 149 (2003).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177.

Heilman claims that his counsel was ineffective for failing to advise him of his Fifth Amendment right to refuse to participate in the PSE. Heilman also argues that because his *Miranda*[2] rights were memorialized, his right to not participate in the PSE should have also been memorialized. The State argues that Heilman failed to cite to any authority supporting his claim; and in the alternative, the district court correctly determined that his counsel did advise him of his Fifth Amendment right to remain silent during the PSE.

In *Estrada v. State*, 143 Idaho 558, 562, 149 P.3d 833, 837 (2006), the Idaho Supreme Court held that defendants have a right to the advice of counsel regarding participation in a PSE. The district court acknowledged Heilman's testimony at the evidentiary hearing that he did not remember preparing for sentencing, he believed he was advised to participate in the PSE to the fullest extent, and he had no understanding that he could limit his participation or refuse to participate in the PSE. On the other hand, the district court found the following as to Heilman's trial counsel's testimony at the evidentiary hearing:

> Counsel testified he met with the Petitioner several times during the time span between conviction and sentencing in order to prepare for sentencing, as well as prepare a motion for a new trial. Counsel testified he advised the Petitioner regarding the advantages and disadvantages of participating in the presentence investigation and psychosexual examination. Counsel testified that he advised the

---

[2]  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Petitioner he could choose to not participate in the psychosexual examination, however, counsel advised Petitioner to participate in order to meet the objectives of release on probation and maintenance of gun rights.

Upon reviewing the evidence the district court concluded: "This Court finds that the Petitioner was advised of his Fifth Amendment Right to remain silent prior to participating in the psychosexual evaluation." Since Heilman was properly advised of his Fifth Amendment rights regarding the PSE, counsel did not provide ineffective assistance. We have reviewed the record and the district court's findings are supported by the evidence and are not clearly erroneous. The district court did not error in denying this claim.

Heilman also argues that his Fifth Amendment right to not participate in the PSE should have been memorialized because his *Miranda* rights were memorialized. Heilman has failed to cite any authority for the proposition that his Fifth Amendment right to refuse to participate in a PSE must be memorialized, or that counsel was ineffective in failing to do so. When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered." *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, we decline to address this claim.

Heilman also claims that counsel provided ineffective assistance by failing to be present during the PSE and PSI.[3] Heilman argues that the Sixth Amendment guarantees the right to effective assistance of counsel and that the assistance of counsel necessarily includes the presence of counsel. He asserts that a Sixth Amendment right to the presence of counsel is necessary in order to protect his Fifth Amendment right against self-incrimination.

The Sixth Amendment to the United States Constitution and Article I, § 13 of the Idaho Constitution, guarantee a criminal defendant the right to the effective assistance of counsel. *Strickland*, 466 U.S. at 685-86; *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992); *Aragon,* 114 Idaho at 760-61, 760 P.2d at 1176-77. This right extends to all "critical stages" of the adversarial proceedings against a defendant. *United States v. Wade,* 388 U.S. 218, 224 (1967); *Estrada,* 143 Idaho at 562, 149 P.3d at 837. To determine if a particular stage is critical, it is necessary to "analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." *Wade,* 388

---

[3] Heilman failed to make either argument in his application for post-conviction relief; however, the district court noted these arguments in finding that counsel did not provide ineffective assistance.

4

U.S. at 227; *Estrada*, 143 Idaho at 562, 149 P.3d at 837. In *Hughes v. State*, 148 Idaho 448, 224 P.3d 515 (Ct. App. 2009), this Court held that a PSE, performed for the purpose of sentencing and not determining guilt, was not a critical stage of the proceedings. *Hughes*, 148 Idaho at 456-57, 224 P.3d at 523-24. Trial counsel's failure to be present at the PSE thus cannot be grounds for a claim of ineffective assistance of counsel. *Id.*

Heilman claims that his trial counsel rendered ineffective assistance by not being present during the PSI. This Court has determined that the PSI was not a "critical stage" as set forth in *Stuart v. State*, 145 Idaho 467, 180 P.3d 506 (Ct. App. 2007); *see also Hughes*, 148 Idaho at 461, 224 P.3d at 528. Therefore, counsel not being present during the PSI cannot constitute ineffective assistance of counsel. "[I]f the stage is not critical, there can be no constitutional violation, no matter how deficient counsel's performance." *United States v. Benlian*, 63 F.3d 824, 827 (9th Cir. 1995); *Estrada*, 143 Idaho at 562, 149 P. 3d at 837. There is no constitutional violation because "no Sixth Amendment right attaches" to the PSI. *Hughes*, 148 Idaho at 461, 224 P.3d at 528.

## III.

## CONCLUSION

Heilman has failed to meet his burden of showing that his counsel provided ineffective assistance by failing to advise Heilman of his right to refuse to participate in the PSE and by failing to be present at the PSE and PSI. The district court's order denying Heilman's application for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

5