**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39109**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 498 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 30, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERIC THOMAS FERRIER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying motion for correction of sentence, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Eric Thomas Ferrier appeals from the district court's denial of his Idaho Criminal Rule 35 motion for correction of sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Ferrier pled guilty to two counts of second degree murder, Idaho Code §§ 18-4001, 18-4003. On April 19, 1999, the district court entered judgment against Ferrier and imposed two concurrent life sentences. At the time of sentencing, he was represented by the Twin Falls County Public Defender.

More than a decade later, Ferrier filed a motion for correction or reduction of sentence under I.C.R. 35. In his motion, he alleged that his sentences were illegal. Ferrier requested counsel, and the district court appointed a public defender from the Twin Falls County Public Defender's office. Ferrier subsequently moved for appointment of substitute counsel, arguing that the public defender's office was ineffective, as its prior representation had resulted in his

1

current sentences. In his motion, Ferrier claimed the appointment of the public defender created a conflict of interest. The district court did not rule on the motion to appoint substitute counsel. The district court denied Ferrier's Rule 35 motion after a hearing on the ground that the sentences imposed were not illegal on the face of the record. Ferrier timely appeals.

## II.

## DISCUSSION

On appeal, Ferrier asserts that his sentence is illegal and should be vacated. Ferrier contends that Idaho statutes do not allow imposition of a fixed life sentence for second degree murder; therefore, the district court erred in denying his Rule 35 motion to correct his sentence. He further contends that the district court's failure to rule on his motion to appoint substitute counsel requires reversal. The State contends that Ferrier's sentence is not illegal, his Rule 35 motion is frivolous, and the district court did not err by not ruling on the motion to appoint substitute counsel or, alternatively, that any error was harmless.

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

The term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record. *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). "Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive." *Id.*; *see also State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003) ("An illegal sentence under Rule 35 is one in excess of a statutory provision or otherwise contrary to applicable law.").

While his argument is somewhat unclear, Ferrier appears to argue that I.C. § 18-4004 does not allow a fixed life sentence for second degree murder, and also that the sentencing court

2

did not specify a minimum period of confinement pursuant to I.C. § 19-2513.[1] Idaho Code § 18-4004 sets forth the authorized punishment for second degree murder, stating: "Every person guilty of murder of the second degree is punishable by imprisonment not less than ten (10) years and the imprisonment may extend to life." Idaho Code § 19-2513 provides in pertinent part: "The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law."

In regard to I.C. § 19-2513, the district court sentenced Ferrier to a "fixed term of life without the eligibility of parole" on each of the two counts, with the sentences running concurrently. Contrary to Ferrier's position, the language used by the district court clearly indicates that the minimum period of confinement was life, which satisfies the statute's requirements. A pronouncement of a subsequent indeterminate period of confinement is not mandated. *See* I.C. § 19-2513. Moreover, given the nature of a determinate life sentence, there was no indeterminate period of confinement for the district court to set forth. Therefore, Ferrier's argument that his sentence is illegal due to the district court's alleged violation of I.C. § 19-2513 fails.

Ferrier's sentence is not otherwise illegal from the face of the record. The sentence falls within the range of punishment authorized by statute. *See* I.C. § 18-4004. Therefore, Ferrier's sentence is not "in excess of a statutory provision." *Alsanea*, 138 Idaho at 745, 69 P.3d at 165. Nor is Ferrier's sentence otherwise contrary to applicable law. Idaho appellate courts have regularly upheld fixed life sentences imposed on convictions for second degree murder. *See, e.g.*, *State v. Windom*, 150 Idaho 873, 881, 253 P.3d 310, 318 (2011); *State v. Cope*, 142 Idaho 492, 502, 129 P.3d 1241, 1251 (2006); *State v. Burdett*, 134 Idaho 271, 279, 1 P.3d 299, 307 (Ct. App. 2000). Thus, Ferrier's sentence is not illegal, and the district court did not err by denying Ferrier's Rule 35 motion.

---

[1] Ferrier also mentioned I.C. § 19-2515(7)(c) in his Rule 35 motion, but only in passing. He also mentions the provision in his brief on appeal, but fails to provide any argument or indication of its relationship to his case. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). In any event, that section deals with capital cases and is, therefore, inapplicable.

Ferrier also contends that the district court erred by failing to rule on his motion for appointment of substitute counsel, or inquiring into the conflict of interest he alleged before denying his Rule 35 motion. A criminal defendant has the statutory right to counsel, including pursuit of a Rule 35 motion. *See* I.C. § 19-852; *Murray v. State*, 121 Idaho 918, 923 n.3, 828 P.2d 1323, 1328 n.3 (Ct. App. 1992). This right, however, is not boundless; a district court may deny appointment of counsel if the Rule 35 motion is frivolous, i.e., one that a reasonable person with adequate means would not be willing to bring at his or her own expense. I.C. § 19-852(b)(3). Ferrier's Rule 35 motion is frivolous because, as we discussed above, there is absolutely nothing illegal about the sentence he received. Thus, even though it chose to do so, the district court was under no obligation to appoint counsel in the first instance. Ferrier had no right to appointed counsel, much less a right to appointed counsel of his choosing. Moreover, even if we assume error by the district court, any error is harmless. Ferrier's Rule 35 motion was frivolous; so the district court's failure to rule on Ferrier's motion for substitute counsel could not have affected his substantial rights. *See* I.C.R. 52 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

Ferrier does not just argue that his statutory right to counsel was violated; he also argues that his Sixth Amendment right to counsel was violated when the district court failed to address his motion for substitute counsel. The Sixth Amendment guarantees a criminal defendant the right to counsel during all "critical stages" of the adversarial proceedings against him. *Estrada v. State*, 143 Idaho 558, 562, 149 P.3d 833, 837 (2006) (citing *United States v. Wade*, 388 U.S. 218, 224 (1967)). In determining whether a particular stage is "critical," it is necessary "to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." *Estrada*, 143 Idaho at 562, 149 P.3d at 837. Although Ferrier contends that Rule 35 motions for correction of illegal sentences are a "critical stage" of the proceedings, he cites no authority for such a proposition. A Rule 35 motion to correct an illegal sentence does not involve a "particular confrontation" where there is potential for substantial prejudice to a defendant's rights. Moreover, it is unclear what assistance counsel could provide in such cases, since any alleged error must be clear from the face of the record. *See Clements*, 148 Idaho at 86, 218 P.3d at 1147. As such, Ferrier has failed to demonstrate a constitutional violation of a right to counsel.

## III.

## CONCLUSION

Ferrier's claim that his sentence is illegal is without merit.  Furthermore, any error by the district court in failing to rule on his motion for substitute counsel was harmless.  Therefore, the district court's order denying the motion to correct an illegal sentence is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**