# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44104

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 488 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 13, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOANNE N. CHRISTOFFERSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying Idaho Criminal Rule 12.2 motion for additional defense services and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Joanne N. Christofferson appeals from the district court's judgment of conviction entered upon her guilty plea to felony vehicular manslaughter. Christofferson argues the district court abused its discretion when it denied her Idaho Criminal Rule 12.2 motion for additional defense services. While the requested services may not have been duplicative of the psychological evaluations the court ordered, any error by the district court was harmless because Christofferson refused to participate in additional examinations. The order denying the Rule 12.2 motion for additional defense services and the judgment of conviction are affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

While driving her vehicle, Christofferson crashed head-on into a motorcycle and killed the driver of the motorcycle. Due to the collision, Christofferson was transported to a hospital to receive care for her injuries. An inventory search of Christofferson's vehicle revealed a pipe with residue and a prescription bottle containing two pills. Upon her arrival to the hospital, an additional pipe was taken from Christofferson's person. Christofferson admitted to the hospital staff that she used marijuana, methamphetamine, and prescription medications prior to operating her vehicle that day. The hospital staff strongly recommended a comprehensive psychological examination upon Christofferson's discharge because hospital records revealed a significant and complicated mental health history. The records exhibited evidence of post-traumatic stress disorder (PTSD), depression, bi-polar disorder, and significant anxiety due to the circumstances in the defendant's life.[1]

Christofferson was arrested upon her release from the hospital. The State charged Christofferson with felony vehicular manslaughter, Idaho Code § 18-4006(3)(a) and/or (b) and/or § 18-4007(3)(a) and/or (b), and also for acting with gross negligence and/or in the commission of a violation of I.C. § 18-8004 or § 18-8006. Christofferson initially pleaded not guilty. The State later amended the information and charged Christofferson with felony vehicular manslaughter, I.C. § 18-4006(3)(a) and § 18-4007(3)(a). Christofferson changed her plea and the district court accepted Christofferson's guilty plea to felony vehicular manslaughter. Christofferson filed an ex parte motion for additional defense services pursuant to Rule 12.2, and the same day, the court ordered a presentence investigation report (PSI). The district court then denied Christofferson's request on the basis that the court had already ordered a mental health evaluation, and so any additional psychological services would be duplicative.

When Christofferson completed the PSI, she also completed screening necessary for the GAIN-I Recommendation and Referral Summary (GAIN-I). The GAIN-I indicated that a complete mental health evaluation would be necessary. Later, the Idaho Department of Health and Welfare (DHW) conducted a review of Christofferson's mental health history and issued an I.C. § 19-2524 DHW Mental Health Examination Report. At the sentencing hearing, the district

---

[1] The hospital information was provided to the district court in Christofferson's ex parte motion requesting the Rule 12.2 services.

court imposed a unified sentence of ten years, with five years determinate. Christofferson timely appeals.

## II.

## STANDARD OF REVIEW

"[A] denial of a request for expert or investigative assistance will not be disturbed absent a showing that the trial court abused its discretion by rendering a decision which is clearly erroneous and unsupported by the circumstances of the case." *State v. Olin*, 103 Idaho 391, 395, 648 P.2d 203, 207 (1982). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

Christofferson asserts the district court abused its discretion when it denied her Rule 12.2 motion for additional defense services. Christofferson argues the district court did not act consistently with legal standards because it did not order a Rule 12.2 comprehensive psychological examination. The State responds that Christofferson failed to prove how the Rule 12.2 examination was necessary or different from the mental health examination that Christofferson completed in accordance with I.C. § 19-2524.

Preliminarily, the parties do not disagree that constitutional standards apply in this case. Indigent defendants are entitled as a matter of due process and equal protection to the basic tools of an adequate defense, including the provision of expert assistance at public expense when such is necessary for a fair trial. *Ake v. Oklahoma*, 470 U.S. 68, 82-83 (1985); *Britt v. North Carolina*, 404 U.S. 226, 227 (1971); *State v. Lovelace*, 140 Idaho 53, 65, 90 P.3d 278, 290 (2003); *Olin*, 103 Idaho at 394, 648 P.2d at 206; *State v. Martin*, 146 Idaho 357, 361-62, 195 P.3d 716, 720-21 (Ct. App. 2008). In *Ake*, the United States Supreme Court identified how constitutional rights are implicated when an indigent defendant is preparing a defense:

> This Court has long recognized that when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense. This

elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake.

*Ake*, 470 U.S. at 76.

In Idaho, the rights of defendants are safeguarded by I.C. § 19-852(a)(2), which provides that a needy person is entitled "to be provided with the necessary services and facilities of representation (including investigation and other preparation)." *Olin*, 103 Idaho at 394, 648 P.2d at 206 (included within the scope of I.C. § 19-852(a) are the Fourteenth Amendment requirements of due process and equal protection as they apply to indigent defendants).

In determining whether to provide additional assistance at public expense, the Idaho Supreme Court has held that such assistance is not "automatically mandatory, but rather depends upon needs of the defendant as revealed by the facts and circumstances of each case." *State v. Powers*, 96 Idaho 833, 838, 537 P.2d 1369, 1374 (1975). In *Olin*, the Supreme Court explained how a court should review a request for expert services: "[A] defendant's request for expert or investigative services should be reviewed in light of all the circumstances and be measured against the standard of 'fundamental fairness' embodied in the due process clause." *Olin*, 103 Idaho at 394, 648 P.2d at 206. The Supreme Court issued the rulings in *Powers* and *Olin* before the creation of Rule 12.2, which now articulates the procedures a defendant and trial court must follow when a defendant requests additional services. Rule 12.2 allows a defendant to submit a motion seeking public funds to pay for investigative, expert, or other services that she believes are necessary for her defense. The motion must be made before the defense incurs the costs and the court must approve of the motion. I.C.R. 12.2(a).

In this case, there is no disagreement as to whether Christofferson properly followed the procedure in submitting her motion. Christofferson filed an ex parte motion for additional defense services pursuant to Rule 12.2. Generally, the motion asked for "sufficient resources to hire investigative and expert witness personnel to assist her in her defense." The motion explained: "Christofferson would like to have a comprehensive psychological examination to assist for mitigation purposes at sentencing." The motion provided the rates and qualifications of a licensed psychologist who could perform the exam and an estimate of the total cost of services. Christofferson qualified as indignant at the time she filed the ex parte motion because she had no income or assets with which she could pay for the requested examination.

4

The general issue here is whether the district court erred when it denied Christofferson's Rule 12.2 motion. The district court denied Christofferson's motion because it determined the additional services requested by Christofferson would be duplicative. The court explained:

> Pursuant to Idaho Code (IC) § 19-2524 any defendant who has been found guilty of a felony undergoes a screening to determine if they are in need of an assessment for a substance abuse disorder and/or a mental health examination. If it is determined from the screening that further examination is necessary, the case is referred to the Idaho Department of Health and Welfare for a full assessment. As such, the defendant's request for a psychological examination is unnecessary.

Idaho Code § 19-2524 states: "After a defendant has pled guilty to or been found guilty of a felony, and at any time thereafter while the court exercises jurisdiction over the defendant, behavioral health needs determinations shall be conducted when, and as provided by, this section." The statute sets forth the process for screening defendants for substance abuse and mental health disorders, which must occur within seven days after the plea of guilty or finding of guilt. I.C. § 19-2524(1). "As part of the presentence process, a screening to determine whether a defendant is in need of a substance use disorder assessment and/or a mental health examination shall be made in every felony case unless the court waives the requirement for a screening." I.C. § 19-2524(1)(a). If the initial screening indicates that the defendant may have a serious mental illness, then the statute requires the Department of Correction (DOC) to refer the defendant to the DHW for further examination. I.C. § 19-2524(3)(a). If the court later determines that it needs more information about the defendant's mental condition, the court may order additional evaluations by a psychiatrist, licensed physician, or licensed psychologist. I.C. § 19-2524(3)(d).

In this case, the district court satisfied the requirements of I.C. § 19-2524. The district court ordered Christofferson to complete mental health screening after Christofferson pleaded guilty to felony vehicular manslaughter. The GAIN-I mental health screening constituted this initial mental health screening and thus, satisfied the requirements of I.C. § 19-2524(1)(a). The GAIN-I explained Christofferson's mental health as follows: "[Christofferson] reported she has been previously diagnosed with mental health issues including Bi-Polar Disorder, Depression, Anxiety and PTSD." The GAIN-I indicated that Christofferson was taking medications for her symptoms and recommended cognitive-behavior based treatment and 24-hour supervision. The examination also suggested Christofferson should be monitored for changes and adhere to recommendations from DHW.

The results of the mental health screening indicated Christofferson could have serious mental health problems. Due to the results of the screening, the language of I.C. § 19-2524(3)(a) required the DOC to refer Christofferson to the DHW for further examination. The DOC satisfied this requirement when an I.C. § 19-2524 DHW Mental Health Examination Report was ordered as a result of the initial screening (12/02/15).[2] The district court's order denying Christofferson's ex parte motion, issued prior to the GAIN-I results, further demonstrates the district court's awareness of the proper procedure: "If it is determined from the screening that further examination is necessary, the case is referred to the Idaho Department of Health and Welfare for a full assessment."

The district court complied with the requirements of I.C. § 19-2524. However, we must still determine whether the defense services requested under Rule 12.2 would have been duplicative of the I.C. § 19-2524 DHW Mental Health Examination Report. Christofferson argues the exams differed because the I.C. § 19-2524 examination was for the benefit of the court, while the requested Rule 12.2 services were meant to assist Christofferson in preparing for her defense and sentencing.[3] The State disagrees and asserts the I.C. § 19-2524 test and the defendant's requested Rule 12.2 psychological examination would provide the court with the same information--an evaluation of Christofferson's mental health to be used at sentencing.

When the district court summarily concluded the information provided in I.C. § 19-2524 was duplicative of the Rule 12.2 request, the district court failed to address the substantive difference between in the *information* provided to the court under I.C. § 19-2524 and the *services* requested under Rule 12.2. Additionally, when the district court denied Christofferson's Rule 12.2 motion, the district court had only ordered the initial mental health and substance abuse

[2]     At the sentencing hearing, there appears to have been some confusion regarding the I.C. § 19-2524 DHW Mental Health Examination Report. The district court explained the I.C. § 19-2524 DHW Mental Health Examination Report was not an assessment or an evaluation, but instead, was only part of the initial screening. The court further explained that only after such screening would the DHW order a full examination. We disagree with this explanation. Pursuant to the language of I.C. § 19-2524, the GAIN-I mental health examination performed by the DOC constituted the initial mental health screening, therein satisfying I.C. § 19-2524(1)(a). The I.C. § 19-2524 DHW Mental Health Examination Report performed by the DHW constituted the "further examination" that is required pursuant to I.C. § 19-2524(3)(a).

[3]     Christofferson mentions "preparing for defense," but more frequently refers to the additional defense services as needed in "preparing for sentencing." At the motion hearing, Christofferson uses both "preparing for defense" and "preparing for sentencing" as reasons for the Rule 12.2 evaluation.

screening, pursuant to I.C. § 19-2524. As such, the district court did not know whether that initial screening would recommend further examination and so, did not and could not have known that a full mental health evaluation would be necessary, or what the results of an evaluation would be.

Assuming the district court did not act consistently with the applicable legal standards when it failed to address the above issues, and therefore abused its discretion, any error by the district court in failing to grant the motion was harmless because Christofferson explicitly stated she did not want to participate in any additional testing. Here, the record demonstrates that although Christofferson's counsel wanted an additional evaluation, Christofferson, herself, did not. It was Christofferson's decision--not her counsel's--to decide whether or not she wished to participate in a psychological evaluation. *Estrada v. State*, 143 Idaho 558, 563, 149 P.3d 833, 838 (2006).

Both counsel and Christofferson indicated that Christofferson would not participate in these further examinations. In one instance, defense counsel admitted: "Christofferson does not want me to ask for additional evaluations." Later, counsel explained: "At that point in time, [Christofferson] said, no, I don't want any more psych evals." When asked by the court about this discrepancy, defense counsel explained that even though Christofferson did not want any additional testing, counsel nonetheless felt it was his duty to create a good record and highlight Christofferson's mental illness. Following her counsel's argument in support of the Rule 12.2 motion, Christofferson apologized to the court and stated: "So I'm sorry about that--just--I don't even know what to say" and "About what just happened. I didn't know that was going to happen." The court explained how defense counsel was acting as Christofferson's advocate and there was no need to apologize, to which Christofferson explained: "Oh, I guess I'm just in a hurry to dismiss the evaluations and the PSI because all I really have been searching for is just forgiveness. For mercy, forgiveness, closure. I know everybody else wants closure."

There is no disagreement as to Christofferson's unwillingness to request or participate in further psychological evaluations. Therefore, any error by the district court in denying Christofferson's Rule 12.2 motion for additional defense services was harmless.

7

**IV.**

**CONCLUSION**

Assuming that the district court erred, any error in denying the Rule 12.2 motion was harmless because Christofferson refused to participate in additional psychological examinations. The order denying Rule 12.2 motion for additional defense services and judgment of conviction are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.